UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHA'WANN LAMAR,

        Plaintiff,

        v.                 CAUSE NO. 3:21-CV-248-JD-MGG

WEXFORD,

        Defendant.

OPINION AND ORDER

Kha'wann Lamar, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. Upon review of his response (ECF 8), the order to show cause is discharged. He is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Lamar is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Lamar is incarcerated at Indiana State Prison ("ISP") The narrative section of his complaint is quite brief. (ECF 3 at 2.) He alleges that since December 2020 he has been "requesting a COVID-19 test" but has not been given one. (*Id.*) He asserts generally that "Wexford medical staff" has been negligent and that he has a "right to diagnosis and treatment." (*Id.*)

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted). "[N]egligence, gross negligence, or even

recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Even giving Mr. Lamar's allegations liberal construction, he has not alleged a plausible claim for the denial of medical care. He does not provide any detail about why he believes he is presently in need of a COVID-19 test. Although he states that he is "suffering illness," he does not describe any symptoms he is currently experiencing. In fact, he appears to allege that he had COVID-19 prior to December 2020. He does not provide any detail to explain why he would need the test now, or to explain how his medical treatment is or was inadequate. He mentions that he believes medical staff are "putting . . . the lives of others in danger," but he does not have standing to seek relief on behalf of other prisoners. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

Additionally, the only defendant he names is "Wexford medical staff." This is not an identifiable "person" that can be held liable for a constitutional violation under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent he is trying to name the corporate defendant Wexford Health Sources, Inc. ("Wexford"), he has not plausibly alleged a claim against this corporation. A private company like Wexford may be held liable for constitutional violations when it performs a state function; however, there is no general *respondeat superior* liability under 42 U.S.C.

§ 1983, and Wexford cannot be held liable solely because it employed medical professionals working at ISP.[1] *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

A private company performing a public function can also be held liable to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Under *Monell*, municipal entities or corporations performing a public function "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations, internal quotation marks, and emphasis omitted). There is no heightened pleading standard applicable to *Monell* claims, but the "plausibility" standard set forth in *Twombly* and *Iqbal* applies equally to *Monell* claims. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

Mr. Lamar's complaint is devoid of any factual content from which it could be plausibly inferred that Wexford has an official policy or widespread practice of

---

[1] Wexford's contract with Indiana Department of Correction to provide medical services at Indiana prisons terminated on July 1, 2021, and it was replaced by Centurion Health. *See* Centurion Health Provides Correctional Health for Indiana Department of Correction, Cision PR Newswire, July 12, 2021, *available at* https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html. The complaint does not contain any allegations about Centurion Health.

providing inadequate medical care to inmates, or that it was an official policy or widespread practice that injured him. Indeed, it is not even clear from the complaint what injury he has suffered.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Lamar an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury.[2] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **November 19, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on October 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Mr. Lamar was already permitted to amend his complaint once, but that was to address the fact that his original complaint contained unrelated claims against unrelated defendants. (ECF 2.) Now that he has focused on a particular claim to pursue in this lawsuit, the court finds it appropriate to give him one more chance to adequately allege an Eighth Amendment claim related to his medical care.